UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SEBRYNE WALTHALL,

        Plaintiff,

v.

R. NAPEL et al.,

        Defendants.
_____/

Case No. 2:17-cv-57

Honorable Gordon J. Quist

# **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred while Plaintiff was incarcerated at the Marquette Branch Prison (MBP) and the Kinross Correctional Facility (KCF). Plaintiff sues MBP Warden R. Napel, Deputy Warden E. Huss, Resident Unit Manager C. Tallio, Assistant Resident Unit Supervisor K. Giesen, Assistant Resident Unit Supervisor C. Lacount, Assistant Resident Unit Supervisor F. Govern, Unknown Party named as A-Dorm Assistant Resident Unit Supervisor, and Deputy Warden James Alexander.

Plaintiff alleges that on March 3, 2017, MBP suffered extensive power outages. In an effort to restore power, the Marquette Board of Light and Power Company sent a 600 AMP surge into MBP. The electrical outlets at MBP do not have surge protection. As a result of the surge, Plaintiff's typewriter was damaged. Plaintiff claims that he does not have sufficient funds to have his typewriter repaired. Plaintiff filed a grievance regarding the damage to his typewriter, which was denied by Defendant Alexander. Plaintiff complains that Defendant Alexander should not have responded to his grievance because he was named in the grievance.

Plaintiff alleges that on May 8, 2017, he was transferred from MBP to KCF. Plaintiff's typewriter was sent via catch-up property on May 10, 2017. Upon arrival at KCF, Plaintiff's typewriter was confiscated by the property room supervisor. Plaintiff claims that Defendants "acting through other agents (i.e. Marquette Branch Prisoner Property Room Officers), egregiously claimed that the typewriter was operational, while knowing that it was not." Consequently, when the typewriter arrived at KCF already damaged, it was confiscated. Plaintiff

2

contends that his typewriter was necessary for him to access the courts and that the Defendants' conduct violated his rights under the First Amendment.

Plaintiff seeks equitable relief and damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In Plaintiff's complaint, he asserts that Defendants were negligent because they had knowledge of a potentially hazardous condition in the cells as a result of having no outlet surge protection. And that this negligence caused Plaintiff to suffer a loss. Plaintiff alleges nothing more than a negligent or inadvertent deprivation of his rights. He does not allege intentional misconduct or even gross negligence. Negligence is not enough to state a claim under the procedural element of the Due Process Clause. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Accordingly, plaintiff has not stated a viable procedural due process claim.

Plaintiff also asserts that Defendants violated his due process rights by falsely stating that his typewriter was not damaged prior to it being sent to KCF. Plaintiff asserts that this falsehood made it impossible for him to get reimbursement for the damage that had actually been caused by the power surge. Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional

4

deprivation of property as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process claim. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. The fact that Plaintiff was unable to obtain relief via a state-court action in this case does not render the remedies inadequate. Accordingly, Plaintiff's due process claim will be dismissed.

Finally, Plaintiff claims that the loss of his typewriter violates his First Amendment right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right to access courts. While the right to access does not allow

a State to prevent an inmate from bringing a grievance to court, it does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcoming in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). A prisoner must demonstrate actual injury to pending or contemplated litigation. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th

Cir. July 1, 1993). Because Plaintiff fails to allege facts showing that he suffered an actual injury, his First Amendment claim is properly dismissed.

### III. Motions for preliminary injunction and a temporary restraining order

Plaintiff has filed motions for preliminary injunction and a temporary restraining order. See ECF Nos. 8 and 9. However, because Plaintiff's complaint fails to state a claim, his motions for injunctive relief are properly denied as moot.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants R. Napel, E. Huss, C. Tallio, K. Giesen, C. Lacount, E. Govern, Unknown Party named as A-Dorm arus, and James Alexander will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An Order and Judgment consistent with this Opinion will be entered.


Dated: October 18, 2017                                  /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE